Samuel E. Sears, 044120
ssears@koholaw.com
Koho & Beatty, Attorneys at Law, LLC
132 Glynbrook St. N., Suite 350
Keizer, Oregon 97303
Telephone: (503) 390-3501
Facsimile: (503) 390-3506
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

ELEANOR JEAN HARMON,

Plaintiff,

v.

MANN BRACKEN, LLP, a
Delaware Limited Liability
Partnership, ARROW FINANCIAL
SERVICES LLC, a Delaware
Limited Liability Company,

Defendants.

CV

COMPLAINT
Unlawful Debt Collection Practices
(28 U.S.C. § 1331)

DEMAND FOR JURY TRIAL

## I. JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (hereinafter "FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## II. PARTIES

4. Plaintiff, Eleanor Jean Harmon is a natural person who resides in the City of North Bend, County of Coos, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Mann Bracken, LLC is a collection agency operating from an address of 11124 NE Halsey, #680, Portland, Oregon 97220, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Arrow Financial Services LLC, (hereinafter "Arrow") is a collection agency operating from an address of 5996 West Touchy Ave., Niles, Illinois 60714 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## III. FACTUAL ALLEGATIONS

7. In about September 2005 Plaintiff's granddaughter, Dawn Murphy, fraudulently opened an account in name of Plaintiff and incurred financial obligations that were primarily for personal, family or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5). These alleged debts were incurred on a credit card and totaled to an approximate amount of $1398.98.

8. In about January 2006 the original creditor, First Premier Bank, began contacting Plaintiff regarding the collection of this debt.

9. Between January 2006 and July 6, 2009, Plaintiff received multiple unwanted contacts from First Premier Bank, Redline Recovery Service, Arrow Financial Services LLC, and Mann Bracken, LLP, in attempts to collect this debt.

10. Through her Power of Attorney, Suzanne Harmon, Plaintiff provided sufficient information to alert Defendants, Arrow and Mann Bracken, that this debt did not belong to her, including but not limited to, providing the case number under which Dawn Murphy was prosecuted, information about Plaintiff's location when specific purchases were made showing it was impossible for Plaintiff to have made those purchases, and other information about Dawn Murphy indicating that she made these purchases.

11. Dawn Murphy was charged and convicted of identity theft in case number 06CR1735 in Coos County, Oregon on March 19, 2007.

12. On May 22, 2009, Plaintiff, through her attorney, sent a letter reaffirming the steps that had been taken by Plaintiff to show that she did not owe the debt and pointing out the information that had been provided to the various creditors throughout this process showing that the debt could not belong to Plaintiff.

13. Despite continuing to receive information that Dawn Murphy fraudulently opened this account, Mann Bracken proceeded to take efforts to collect this debt by filing a lawsuit against Plaintiff on July 6, 2009, Coos County Case Number 09CV0557.

14. Mann Bracken made false statements in its Complaint against Plaintiff by stating that Plaintiff had not replied to First Premier regarding statements sent.

15. Plaintiff, through her power of attorney, had conversations with representatives from First Premier, Arrow, and Mann Bracken and sent facsimiles with information that Dawn Murphy fraudulently opened this account in Plaintiff's name.

## IV. CLAIM FOR RELIEF

**Violation of The Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

16. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

17. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. The Defendants violated 15 U.S.C. § 1692d by harassing and abusing Plaintiff by making continued contact through telephone calls and collection letters even after Plaintiff had provided information showing that the debt did not belong to her.

    b. The Defendants violated 15 U.S.C. § 1692e(2)(A) by threatening to bring a lawsuit on a debt that Plaintiff did not owe and by bringing a lawsuit on a debt that Plaintiff did not owe.

    c. The Defendants violated 15 U.S.C. § 1692e(10) by misrepresenting the status and nature of communications between Plaintiff and Defendant regarding this debt.

18. As a result of these violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## V. TRIAL BY JURY

19. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed. R.Civ.P. 38.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for their violations of the FDCPA:

1. For an award of actual damages in the amount of $20,000 pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

3. For an award of costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

Dated: October 23, 2009

/s/ Samuel E. Sears
**SAMUEL E. SEARS**
OSB #: 044120
(503) 390-3501
**Attorney for Plaintiff**